1  RICHARD H. RAHM, Bar No. 130728
   rrahm@littler.com
2  LITTLER MENDELSON, P.C.
   650 California Street, 20th Floor
3  San Francisco, CA  94108.2693
   T: 415.433.1940  /  F: 415.399.8490
4
   JAMES E. HART, Bar No. 194168
5  jhart@littler.com
   THOMAS J. WHITESIDE, Bar No. 259505
6  twhiteside@littler.com
   LITTLER MENDELSON, P.C.
7  2050 Main Street, Suite 900
   Irvine, CA  92614
8  T: 949.705.3000  /  F: 949.724.1201
9  CARLY NESE, Bar No. 265342
   cnese@littler.com
10 LITTLER MENDELSON, P.C.
   2049 Century Park East, 5th Floor
11 Los Angeles, CA  90067.3107
   T: 310.553.0308  /  F: 310.553.5583
12
   Attorneys for Defendants
13 KNIGHT TRANSPORTATION, INC. and
   KNIGHT TRUCK AND TRAILER SALES, LLC
14
15              UNITED STATES DISTRICT COURT
16              CENTRAL DISTRICT OF CALIFORNIA
17

| | |
|---|---|
| 18  PATRICK LACROSS, ROBERT LIRA and MATTHEW LOFTON, on behalf of themselves and all other similarly situated, | Case No. *SAN BERNARDINO SUPERIOR COURT CASE: CIVDS1402566* |
| 20  Plaintiffs, | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT KNIGHT TRANSPORTATION, INC. AND KNIGHT TRUCK AND TRAILER SALES, LLC** |
| 22  v. | |
| 23  KNIGHT TRANSPORTATION, INC., an Arizona Corporation; KNIGHT TRUCK and TRAILER SALES, LLC, an Arizona Limited Liability Company; and DOES 1 through 100, inclusive, | **[28 U.S.C. §§ 1332, 1441 & 1446]** |
| 26  Defendants. | Complaint Filed:  March 3, 2014 |

27
28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

**TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendants Knight Transportation, Inc. ("Knight Transportation") and Knight Truck and Trailer Sales, LLC ("Knight Sales") (collectively, "Defendants") contemporaneously with the filing of this Notice, hereby effect removal of the above-referenced action from the Superior Court in the State of California for the County of San Bernardino to the United States District Court for the Central District of California.

This action is removed pursuant to the procedures found in 28 U.S.C. sections 1441 and 1446, and removal jurisdiction is based on 28 U.S.C. section 1332(d) (Class Action Fairness Act ["CAFA"]).

## I.     PROCEDURAL BACKGROUND

1.      This lawsuit arises out of the work performed by Plaintiffs Patrick LaCross, Robert Lira and Matthew Lofton ("Plaintiffs") as independent contractors for Defendant Knight Transportation.  On March 3, 2014, Plaintiff filed a complaint in the Superior Court of the State of California, County of San Bernardino, entitled *PATRICK LACROSS, ROBERT LIRA and MATTHEW LOFTON v. KNIGHT TRANSPORTATION, INC., an Arizona Corporation; KNIGHT TRUCK and TRAILER SALES, LLC, an Arizona Limited Liability Company; and DOES 1 through 100, inclusive*, designated as Case No. CIVDS1402566 ("Complaint").  *See* Declaration of Carly Nese ("Nese Decl.") ¶ 2, Exhibit ("Exh.") 1.  The Complaint asserts the following purported claims for relief:  (1) Recovery of Unpaid Wages; (2) Failure to Provide Meal Periods; (3) Illegal Deductions from Wages; (4) Failure to Provide Accurate Itemized Wage Statements; (5) Failure to Reimburse Business Expenses; (6) Failure to Timely Pay Wages Upon Separation; (7) Civil Penalties Under Labor Code Private Attorneys General Act of 2004, Labor Code 2698, et seq., and (8) Unfair Business Practices. *See* Nese Decl. ¶ 2, Ex. 1.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

2.      On March 19, 2014, Plaintiff served the Summons and Complaint on Defendants.  A true and correct copy of the Summons and Complaint package served upon Defendants is attached as Exhibit 1 to the Nese Declaration.

3.      On April 17, 2014, Defendants filed their Answer to Plaintiffs' Complaint in the Superior Court of California for the County of San Bernardino.  A copy of Defendants' Answer is attached hereto as Exhibit 2 to the Nese Declaration.

4.      Pursuant to 28 U.S.C. section 1446(d), the attached exhibits constitute all process, pleadings, and orders served upon Defendants or filed or received in this action by Defendants.  To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in San Bernardino County Superior Court or served by any party.

5.      As of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint in this action.

## II.    REMOVAL PROCEDURE

### A.    Removal Is Timely Because Notice And The Accompanying Pleadings Have Been Filed Within Thirty Days.

6.      An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within thirty days of defendant receiving the initial pleading, and within one-year of the commencement of the action.  *See* 28 U.S.C. § 1446(a), (b).  Removal of this action is timely because this Notice has been filed within thirty days from March 19, 2014, when Defendants were served with the Complaint and first became aware this action was removable.  *See* Nese Decl., ¶ 2, Ex. 1; *see also* 28 U.S.C. § 1446(b).  It is also within one year of the commencement of the action on March 3, 2014.  *See* 28 U.S.C.  1446(c).  As referenced above, this Notice also contains all process, pleadings, and orders that Plaintiffs served on Defendants.  *See* Nese Decl. ¶ 5.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

2.

**B.    Venue Is Proper In This District Pursuant To The Removal Statute And Diversity.**

7.    Venue is proper in this Court because Plaintiffs originally filed this action in San Bernardino County Superior Court, located within the District and Division of the Court.  *See* 28 U.S.C. § 1446(a).  Venue of this action is also proper because jurisdiction is based on the Class Action Fairness Action of 2005 ("CAFA"), and the action may be venued in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  *See* 28 U.S.C. § 1391(b).

## III.    REMOVAL JURISDICTION

### A.    Statement of Jurisdiction

8.    This Court has original jurisdiction over this action pursuant to the CAFA because: (1) at least one member (if not all) of Plaintiffs' class is citizen of a state different from Defendants; (2) Plaintiffs filed a class action on behalf of a class with more than 100 putative class members; and (3) the amount in controversy exceeds the sum of $5 million, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).

### B.    Diversity Exists Because Plaintiffs Are California Citizens And Defendants Are Citizens of Arizona.

9.    CAFA diversity jurisdiction exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant."   28 U.S.C. § 1332(d)(2)(A).

10.    Plaintiffs were at the time of the filing of this action, and currently are, residents and citizens of the State of California.   Nese Decl., Exhibit 1, Complaint, respectively ¶¶ 7, 9 and 11; *see also, District of Columbia v. Murphy*, 314 U.S. 441, 455 ("The place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary."); *Gutterman v. Wachovia Mortgage*, 2011 U.S. Dist. LEXIS 74521, *4 (C.D. Cal. Mar. 31, 2011) (plaintiff's residence and ownership of property sufficient to establish his domicile in California).

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

11.   For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Plaintiffs' Complaint concedes that Defendant Knight Transportation, Inc. "is now and/or at all times mentioned in this Complaint was an Arizona corporation…" Nese Decl. ¶ 2, Ex. 1, ¶ 22. At the time this action was commenced in state court, Defendant Knight Transportation was, and still is, a corporation organized under the laws of the State of Arizona. *See* Declaration of Kevin Quast ("Quast Decl.") ¶ 2. In addition, Knight Transportation's corporate offices and headquarters, which house the Company's executive and administrative functions, are located in Arizona. *Id.* at ¶ 2. Thus, Knight Transportation is a citizen of the State of Arizona, where it is incorporated and where it has its principal place of business. *See Hertz Corp. v. Friend*, 130 U.S. 1181, 1192-93 (2010) (the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities").

12.   At the time this action was commenced in state court, Defendant Knight Sales was, and still is, a limited liability company organized under the laws of Arizona. *See* Nese Decl. ¶ 2, Ex. 1, ¶ 25; Quast Decl. ¶ 3. In addition, Knight Sales' principal place of business is in Phoenix, Arizona. Quast Decl. at ¶ 3. This is where Knight Sales has its corporate offices and headquarters, which house its executive and administrative functions. *Id.* Thus, Knight Sales is a citizen of the State of Arizona.

13.   No other party has been named or served as of the date of this removal. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

14.   As set forth above, Plaintiffs are citizens of the State of California, while Defendants are citizens of the State of Arizona. Thus, complete diversity of

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

4.

citizenship exists in the instant case because the parties, Plaintiffs and Defendants, are citizens of different states.

### C. Plaintiffs Allege Claims On Behalf Of More Than 100 Putative Class Members.

15.    The CAFA provides this Court with jurisdiction over a class action when "the number of members of all proposed plaintiff classes in the aggregate [is not] less than 100." 28 U.S.C. § 1332(d)(5)(B).  CAFA defines "class members" as those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

16.    Plaintiffs allege this cause of action with respect to three purported classes: (1) all persons that entered into an "Independent Contractor Operating Agreement" and a "Tractor Lease Agreement" with Defendants and worked as a California-based Owner Operator and was classified as an independent contractor; (2) all persons that worked for Defendants pursuant to the terms of an independent contractor agreement as a "California-based Owner Operator" and was classified as an independent contractor; and (3) all persons that worked for Defendants as a "California-based Owner Operator" and was classified as an independent contractor. *See* Nese Decl., ¶ 2, Ex. 1, ¶ 43.  The relevant time period in this lawsuit is defined in the Complaint as "the four (4) years preceding the filing of this complaint, up to and through the entry of judgment in this matter." *Id.* at Ex. 1, ¶ 4.  Because the Complaint was filed on March 3, 2014, Plaintiffs thus seek to represent all California Owner Operators that were classified as independent contractors ("Independent Contractor Representatives") from March 3, 2010 up to and through the entry of judgment in this matter. *Id.*

17.    Plaintiffs also allege only that the members of the class they seek to represent "are so numerous that joinder of all members would be unfeasible and impracticable." *Id.* at ¶ 45.  Further, Plaintiffs allege that "The quantity of members of the Classes is unknown to Plaintiffs at this time, however, it is estimated that the

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

5.

1    Classes number greater than 100 individuals." *Id.*   In fact, there are approximately

2    557 California-based independent contractors who worked for Defendants during the

3    Class Period who would be putative class members as defined by Plaintiff. *See* Quast

4    Decl. ¶ 4.   CAFA's numerosity requirement is accordingly satisfied. *See* 28 U.S.C.

5    § 1332(d)(5)(B).

6           **D.    The Amount In Controversy Is Over Five Million Dollars Based On
7                   The Damages and Statutory Penalties Sought By Plaintiffs.**

8           18.    The CAFA requires the "matter in controversy" to exceed "the sum

9    or value of $5,000,000 exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  "The

10   claims of the individual class members shall be aggregated to determine whether the

11   matter in controversy exceeds" this amount.  28 U.S.C. § 1332(d)(6).  "In measuring

12   the amount in controversy, a court must assume that the allegations of the complaint

13   are true and that a jury will return a verdict for the plaintiff on all claims made in the

14   complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.

15   2d 993, 1001 (C.D. Cal. 2002).   Where a plaintiff's state-court complaint does not

16   allege an amount in controversy, the removing defendant need only establish that

17   plaintiff's claims exceeds the jurisdictional minimum by a preponderance of evidence.

18   *See Guglielmino v. McKee Foods Corp.,* 506 F. 3d 696, 699 (9th Cir. 2007); *Abrego v.*

19   *Dow Chemical Co.,* 443 F. 3d 676, 683 (9th Cir. 2006).   That is, the defendant need

20   only provide evidence demonstrating that it is "more likely than not" that the amount

21   in controversy exceeds CAFA's five million dollar requirement. *See Guglielmino*,

22   506 F. 3d at 699.

23          19.    Defendants deny the validity and merits of Plaintiffs' claims, the

24   legal theories upon which they are purportedly based, and the claims for monetary and

25   other relief that flow from them.   Nevertheless, and notwithstanding Plaintiffs' failure

26   to allege the total amount of damages claimed, the amount in controversy as alleged

27   by Plaintiff in this case exceeds the sum of five million dollars.

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

6.

20.     In addition to attorneys' fees, Plaintiffs seek "the unpaid balance of the full amount of the straight time compensation and overtime premiums owing" for allegedly unpaid wages and overtime wages pursuant to Labor Code section 1194. *See* Nese Decl. ¶ 2, Ex. 1, ¶ 68.     Similarly, Plaintiffs seek, without limitation, compensation for allegedly unpaid wages and penalties owed to putative class members upon their separation of their work relationship from Defendants, calculated as "each Classes [sic] members' daily wage multiplied by thirty (30) days." *Id.* at Ex. 1, ¶ 125.  Pursuant to Section 11 of Wage Order No. 9-2001 and Labor Code section 226.7 (b), Plaintiffs also seek "damages in an amount equal to one (1) hour of wages per missed meal period." *Id.* at Ex. 1, ¶ 86.  Plaintiffs further seek penalties pursuant to Labor Code section 226 allegedly owed to putative class members in the amount of "(a) Fifty dollars ($50.00) per employee for the initial pay period in which a violation occurs; and (b) One hundred dollars $100.00 per employee for each violation in a subsequent pay period." *Id.* at Ex. 1, ¶ 108.  Plaintiffs further seek damages pursuant to Labor Code section 2802 for "the full amount of the expenses they incurred in the course of their job duties." *Id.* at Ex. 1, ¶ 117.  Plaintiffs further seek civil penalties under the Labor Code Private Attorneys General Act of 2004 and Labor Code section 2698, et seq. for allegedly inaccurate itemized wage statements.  *See id.* at Ex. 1, ¶ 136.  Finally, pursuant to Business and Professions Code section 17200 *et seq.*, Plaintiffs seek, "full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair business practices complained of herein." *Id.* at ¶ 167.

### a.     Plaintiffs' Claims For Reimbursement Of Business Expenses Alone Amount To Over $44 Million.

21.     Plaintiffs seek to recover allegedly unreimbursed business expenses under Labor Section 2802 on behalf of themselves and members of the putative class.  The Labor Code states, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

consequence of the discharge of his or her duties." Lab. Code § 2802 (a). Plaintiffs claim that "Plaintiffs and members of the Classes have been required to personally incur and pay for [business] expenses, including but not limited to, all costs and expenses of owning and/or leasing, repairing, maintaining and fueling the trucks and vehicles they drove, in the discharge of their employment duties, all without reimbursement from the Defendants." Nese Decl. ¶ 2, Ex. 1, ¶115. In calculating potential exposure for reimbursement during the four-year statute of limitations, Defendants have taken the lease-related costs (lease, physical damage insurance, occupational accident insurance, and non-hauling insurance) incurred by each of the three Plaintiffs when they were contractors for Knight. *See* Quast Decl. ¶ 5. In this regard, Plaintiff LaCross paid $473 per week, Plaintiff Lira paid $410 per week, and Plaintiff Lofton paid $466 per week. *See id.* Thus, on average, Plaintiffs paid approximately $450 for lease-related costs. *See id.* Insofar as Plaintiffs have alleged that they are representative of a class of California-based independent contractors who worked for Knight Transportation for the last four years, Defendants made the following calculations: They multiplied $450/week by 52 weeks, yielding unreimbursed business expenses of approximately $23,400 per putative class member. Based on Defendants' estimate, there are 557 class members, which would amount to a total liability exposure for lease-related costs of **$13,033,800**. *See* Quast Decl. ¶ 4.

22. The weekly settlement sheets provided to Plaintiffs show that Plaintiff LaCross spent on average $1,310 on fuel, that Plaintiff Lira spent on average $704 on fuel, and that Plaintiff Lofton spent $1,400 on fuel. *See* Quast Decl. ¶ 6. Thus, on average, Plaintiffs paid approximately $1,138 a week on fuel. Insofar as Plaintiffs are alleged to be representative of a class of California-based contractors who worked for Knight Transportation over the last four years, Defendants made the following calculations: They multiplied $1,138 by 50 weeks (assuming two weeks for vacation) by 557 class members, which yields total exposure for fueling reimburse to be approximately **$31,693,300.** *See* Quast Decl. ¶¶ 4,6. Adding the lease

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

reimbursement exposure of $13,033,800 to the fuel reimbursement exposure of $31,693,300 amounts to a total of **$44,727,100**.

**b.** **Plaintiffs' Claim For Attorneys' Fees Will Likely Be Nearly $9 Million.**

23. Plaintiffs also seek an award of attorneys' fees and costs. *See* Nese Decl. ¶ 2, Ex. 1, ¶¶ 71, 88, 102, 109, 117, 159, and Prayer for Relief. In determining whether a complaint meets the amount in controversy requirement, a court should also consider attorneys' fees. *See, e.g.*, *Bell v. Preferred Life*, 320 U.S. 238 (1943); *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amounts). In California class actions, it is not uncommon for an attorneys' fees award to be 25 to 33 percent of the settlement of the award. *See e.g., Chavez v. Netflix, Inc.*, 162 Cal.App.4th 43, 66 n. 11 (2008) (*quoting Shaw v. Toshiba America Information systems, Inc.*, 91 F.Supp.2d 942, 972 ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery")). Even assuming a 20% fee, Plaintiff's attorneys' fees would be approximately **$8,945,420.**

24. Removal of this action is therefore proper as the aggregate value of Plaintiffs' claims for damages and statutory penalties and attorneys' fees is *well in excess* of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2).

## IV. NOTICE OF REMOVAL TO THE COURT AND ADVERSE PARTY

25. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiffs' counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of San Bernardino, California as required by 28 U.S.C. section 1446(d).

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

9.

1

## V.    CONCLUSION

2          26.    Defendants therefore remove the civil action filed against it in the

3    California Superior Court, County of San Bernardino, to the United States District

4    Court for the Central District of California.

5

6    Dated:    April 18, 2014

7                                          /s/ Carly Nese
                                           RICHARD H. RAHM
8                                          JAMES E. HART
                                           THOMAS J. WHITESIDE
9                                          CARLY NESE
                                           LITTLER MENDELSON, P.C.
10
                                           Attorneys for Defendants
11                                         KNIGHT TRANSPORTATION, INC.
                                           and KNIGHT TRUCK AND TRAILER
12                                         SALES, LLC

13   Firmwide:126409726.3 058898.1023

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

10.