| | |
|---|---|
| 1 | RICHARD H. RAHM, Bar No. 130728 |
|   | rrahm@littler.com |
| 2 | LITTLER MENDELSON, P.C. |
|   | 650 California Street, 20th Floor |
| 3 | San Francisco, CA 94108.2693 |
|   | T: 415.433.1940 / F: 415.399.8490 |
| 4 | |
|   | JAMES E. HART, Bar No. 194168 |
| 5 | jhart@littler.com |
|   | THOMAS J. WHITESIDE, Bar No. 259505 |
| 6 | twhiteside@littler.com |
|   | LITTLER MENDELSON, P.C. |
| 7 | 2050 Main Street, Suite 900 |
|   | Irvine, CA 92614 |
| 8 | T: 949.705.3000 / F: 949.724.1201 |
| 9 | CARLY NESE, Bar No. 265342 |
|   | cnese@littler.com |
| 10 | LITTLER MENDELSON, P.C. |
|    | 2049 Century Park East, 5th Floor |
| 11 | Los Angeles, CA 90067.3107 |
|    | T: 310.553.0308 / F: 310.553.5583 |
| 12 | |
|    | Attorneys for Defendants |
| 13 | KNIGHT TRANSPORTATION, INC. and |
|    | KNIGHT TRUCK AND TRAILER SALES, LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRICK LACROSS, ROBERT LIRA and MATTHEW LOFTON, on behalf of themselves and all other similarly situated, | | Case No. |
| | | **DECLARATION OF KEVIN QUAST IN SUPPORT OF DEFENDANTS KNIGHT TRANSPORTATION AND KNIGHT TRUCK AND TRAILER SALES' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| Plaintiffs, | | |
| v. | | |
| KNIGHT TRANSPORTATION, INC., an Arizona Corporation; KNIGHT TRUCK and TRAILER SALES, LLC, an Arizona Limited Liability Company; and DOES 1 through 100, inclusive, | | [28 U.S.C. §§ 1332, 1441 & 1446] |
| | | Complaint Filed: March 3, 2014 |
| Defendants. | | |

## DECLARATION OF KEVIN QUAST

I, Kevin Quast, do hereby declare and state as follows:

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1.     I am currently employed by Defendant Knight Transportation, Inc. ("Knight Transportation") as its Chief Operations Officer ("COO") in Phoenix, Arizona. As Knight Transportation owns Defendant Knight Truck and Trailer Sales, LLC ("Knight Sales"), my responsibilities also include overseeing the operations of Knight Sales. In this capacity, I have personal knowledge of the facts set forth in this declaration, or I have knowledge of such facts based on my review of the business records and files of Knight Transportation and Knight Sales (collectively, "Defendants"). If called as a witness, I could and would testify competently to such facts contained herein.

2.     Knight Transportation was at the time this action was commenced in state court, and still is, a corporation incorporated under the laws of the State of Arizona. Knight Transportation's corporate offices and headquarters, which house the Company's executive and administrative functions, are located in Arizona.

3.     At the time the present action was commenced in state court, Knight Sales was, and still is, a limited liability company organized under the laws of Arizona. In addition, Knight Sales' principal place of business is in Phoenix, Arizona. This is where Knight Sales has its headquarters, which houses its executive and administrative functions.

4.     Based on my review of records that have been maintained in the ordinary course of business, Knight Transportation had Independent Contractor Operating Agreements with 116 California-based contractor drivers in 2010, 135 California-based contractor drivers in 2011, 118 California-based contractor drivers in 2012, and 188 California-based contractor drivers in 2013, which amounts to 557 California-based contractor drivers over the last four years. Approximately 80% of these independent contractors purchased and/or leased their tractors through Knight Sales, with the other 20% purchasing and/or leasing their tractors from companies that are not affiliated with either Knight Sales or Knight Transportation. Based on my knowledge of the trucking industry as COO of Knight Sales, and those who compete

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1.

with Knight Sales, I would estimate that the contractor drivers who purchased and/or leased their equipment through companies other than Knight Sales did so on terms that are approximately the same as Knight Sales' terms.

5. Based on Knight Sales' records of the three Plaintiffs, maintained in the normal course of business, Plaintiff Patrick LaCross had the following weekly payments in connection with the lease/purchase of his tractor: (1) $375 for the lease; (2) $52 for physical damage insurance; (3) $37 for occupational accident insurance; and (4) $9 for bobtail insurance (when tractor is not hauling goods), amounting to weekly payments of $473. Based on the same records, Plaintiff Robert Lira had the following weekly payments in connection with the lease/purchase of his tractor: (1) $330 for the lease; (2) $34 for physical damage insurance; (3) $37 for occupational accident insurance; and (4) $9 for bobtail insurance, amounting to weekly payments of $410. Similarly, the same records show that Plaintiff Matthew Lofton had the following weekly payments in connection with the lease/purchase of his tractor: (1) $360 for the lease; (2) $60 for physical damage insurance; (3) $37 for occupational accident insurance; and (4) $9 for bobtail insurance, amounting to weekly payments of $466. Taking the average of the three Plaintiffs, they paid approximately $450 per week for lease-related costs.

6. Every week an independent contractor working for Knight Transportation receives a "settlement" sheet that details how much the contractor is being paid, and what expenses are being deducted, which records are also maintained in the normal course of business. I have reviewed the settlement records of the three Plaintiffs, which show: Plaintiff LaCross paid a total of $23,585 for fuel over a period of 18 weeks, or $1,310 a week; Plaintiff Lira paid a total of $40,856 for fuel over a period of 58 weeks, or $704 a week; Plaintiff Lofton paid a total of $106,385 for fuel over a period of 76 weeks, or $1,400 a week. Thus, on average, Plaintiffs paid $1,138 per week for fuel when they worked as independent contractors for Knight Transportation.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury, under

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

2.

week for fuel when they worked as independent contractors for Knight Transportation.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct, and that this declaration was executed on April 17, 2014, at Phoenix, Arizona.

KEVIN QUAST

Firmwide:126464799.1 058898.1023

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

QUAST DECL. ISO REMOVAL        3.