RICHARD H. RAHM, Bar No. 130728
rrahm@littler.com
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, CA 94108.2693
T: 415.433.1940 / F: 415.399.8490

JAMES E. HART, Bar No. 194168
jhart@littler.com
THOMAS J. WHITESIDE, Bar No. 259505
twhiteside@littler.com
LITTLER MENDELSON, P.C.
2050 Main Street, Suite 900
Irvine, CA 92614
T: 949.705.3000 / F: 949.724.1201

CARLY NESE, Bar No. 265342
cnese@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
T: 310.553.0308 / F: 310.553.5583

Attorneys for Defendants
KNIGHT TRANSPORTATION, INC. and
KNIGHT TRUCK AND TRAILER SALES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK LACROSS, ROBERT LIRA and MATTHEW LOFTON, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KNIGHT TRANSPORTATION, INC., an Arizona Corporation; KNIGHT TRUCK and TRAILER SALES, LLC, an Arizona Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:14-cv-00771-JGB-JC<br><br>**DECLARATION OF RICHARD H. RAHM IN SUPPORT OF KNIGHT'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>Date: July 14, 2014<br>Time: 9:00 a.m.<br>Courtroom: 1<br><br>Complaint Filed: March 3, 2014 |

I, Richard H. Rahm, do hereby declare and state as follows:

1. I am an attorney licensed to practice law in the State of California and before this Court. I am the lead trial attorney representing Defendants Knight Transportation, Inc. ("Knight Transportation") and Knight Truck and Trailer Sales, LLC ("Knight Sales") (collectively, "Knight") in this case and make this declaration in support of Knight's Opposition To Plaintiffs' Motion To Remand To State Court. All of the information set forth herein is based on my personal knowledge and, if called and sworn as a witness, I could and would competently testify thereto.

2. On March 3, 2014, two of the named Plaintiffs in the instant case, Plaintiffs LaCross and Lira, filed a second lawsuit, *Patrick LaCross and Robert Lira v. Knight Transportation, Inc.*, C.D. Cal. Case No. 5:14-cv-0074-JGB-JC ("Employee Action"), which is also pending before this Court. A true and correct copy of the Employee Action is attached for the Court's convenience as Exhibit A. In the Employee Action, Plaintiffs alleged the same wage-and-hour claims for the period they worked as employee-drivers, before becoming independent contractors, at Knight Transportation. I am the lead trial attorney representing Knight Transportation in the Employee Action.

3. In the Employee Action, the same causes of action are alleged as in the present independent contractor action except that in the present action there are also claims for wage-statement violations and PAGA penalties. Although the causes of action are similar, because the class members in the Employee Action cannot claim reimbursement for any lease-related or fuel payments, since they are driving tractors owned by Knight, which also pays their fuel costs, the primary focus of the Employee Action is the wage-and-hour claims. In the Employee Action, Plaintiffs LaCross and Lira also allege they worked a total of 16 months as employee drivers.

4. On May 15, 2014, shortly after Knight removed the present action, but before Plaintiffs filed their Motion to Remand, Plaintiffs LaCross and Lira offered to settle their own wage-and-hour claims in the Employee Action for $40,000. In that

offer, Plaintiffs LaCross and Lira demanded $40,000 to settle their wage-and-hour claims. Yet, the wage-and-hour claims in the Employee Complaint are the same as those in the present independent contractor action insofar as Plaintiffs contend that they were actually employees misclassified as independent contractors. Insofar as $40,000 for 64 weeks of work is a compromise of Plaintiffs' wage-and-hour claims, Plaintiffs have valued those claims at $625 per week of work ($40,000 divided by 64 weeks of work as employee drivers). In the present independent contractor action, there are approximately 28,850 worked weeks (577 drivers x 50 weeks). At $625 per work week, the value of Plaintiffs wage-and-hour claims in the present action would be approximately $18 million (28,850 work weeks x $625 = $18,031,250). Attached hereto as Exhibit B is a true and correct copy of the e-mail I received from Plaintiffs' counsel on May 15, 2014.

5.  On May 19, 2014, Plaintiffs filed the instant Motion to Remand. Prior to filing, Plaintiffs' counsel failed to meet and confer with me or any of the other attorneys of record for Defendants regarding the substance of Plaintiff's Motion to Remand. Likewise, Plaintiffs' counsel failed to include a statement in the notice of motion that they met and conferred as required by Local Rule 7-3.

6.  On May 20, 2014, Plaintiffs' counsel reiterated his settlement offer of May 15, 2014. Attached hereto as Exhibit C is a true and correct copy of the email I received from Plaintiffs' counsel on May 20, 2014.

7.  In the Motion to Remand, Plaintiffs argue that Knight "failed to provide any explanation or calculation of the percentage of mileage driving within California and outside California for the three named Plaintiffs and the purported 557 class members." Mtn. Remand 11:2-5. Plaintiffs bases this argument on a motion for preliminary approval of a class action settlement in *Steve Carson, et al. v. Knight Transportation, Inc.*, Tulare County Superior Court Case No. 09234186, of which I am lead trial counsel for Knight. The *Carson* action concerns a number of wage-and-hour claims by a class of present and former Knight employee-drivers, not

independent contractors. In plaintiffs' motion for preliminary approval in the *Carson* action, class counsel argued that one of the several reasons the class settlement is fair is that, had the case been tried, Knight could have argued that, even if it had liability for the alleged wage-and-hour claims, such liability should be reduced by the amount of time the drivers were outside the State of California. However, the *Carson* court never ruled on this argument because the argument was never before the court.

8. The *Carson* class concerns a class of employee-drivers, and not independent contractors, as is recounted in the class definition in Paragraph 3 of the *Carson* Settlement Agreement, which is attached as Exhibit B to the Declaration of James M. Trush, filed in support of Plaintiffs' Motion to Remand. Indeed, the *Carson* action has no claims for reimbursement. In any event, with the exception of the named plaintiffs in the *Carson* action, no claims have been released.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct, and that this declaration was executed on June 2, 2014, at San Francisco, California.

/s Richard Rahm
RICHARD RAHM

Firmwide:127249098.2 058898.1023

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

RAHM DEC ISO DEFS' OPP TO MOTION TO REMAND   3.   Case No. 5:14-cv-00771-JGB-JC