1  RICHARD H. RAHM, Bar No. 130728
   rrahm@littler.com
2  LITTLER MENDELSON, P.C.
   650 California Street, 20th Floor
3  San Francisco, CA  94108.2693
   T: 415.433.1940 / F: 415.399.8490
4
   JAMES E. HART, Bar No. 194168
5  jhart@littler.com
   THOMAS J. WHITESIDE, Bar No. 259505
6  twhiteside@littler.com
   LITTLER MENDELSON, P.C.
7  2050 Main Street, Suite 900
   Irvine, CA  92614
8  T: 949.705.3000 / F: 949.724.1201

9  CARLY NESE, Bar No. 265342
   cnese@littler.com
10 LITTLER MENDELSON, P.C.
   2049 Century Park East, 5th Floor
11 Los Angeles, CA  90067.3107
   T: 310.553.0308 / F: 310.553.5583
12
   Attorneys for Defendants
13 KNIGHT TRANSPORTATION, INC. and
   KNIGHT TRUCK AND TRAILER SALES, LLC
14

15                UNITED STATES DISTRICT COURT

16                CENTRAL DISTRICT OF CALIFORNIA

17 PATRICK LACROSS, ROBERT            Case No.  5:14-cv-00771-JGB-JC
   LIRA and MATTHEW LOFTON, on
18 behalf of themselves and all other  **KNIGHT'S OBJECTIONS TO**
   similar situated,                   **PLAINTIFFS' EVIDENCE IN**
19                                     **SUPPORT OF THEIR MOTION TO**
                Plaintiffs,            **REMAND**
20
21 v.                                  Date:  July 14, 2014
                                       Time:  9:00 a.m.
22 KNIGHT TRANSPORTATION, INC.,        Courtroom: 1
   an Arizona Corporation; KNIGHT      Judge: Hon. Jesus G. Bernal
23 TRUCK and TRAILER SALES, LLC,
   an Arizona Limited Liability Company;
24 and DOES 1 through 100, inclusive,

25              Defendants.

26
27
28
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' OBJ TO PLTFS' EVID
ISO MOT TO REMAND

Case No.  5:14-cv-00771-JGB-JC

Defendants Knight Transportation, Inc. and Knight Truck and Trailer Sales, LLC (collectively "Knight") hereby submit the following Objections to Evidence Submitted by Plaintiffs In Support Of Their Motion to Remand To State Court. For the reasons stated herein, the Court should grant Knight's objections on their merits.

**OBJECTIONS TO DECLARATION OF JAMES M. TRUSH:**

| Fact No. | Fact | Objection |
|---|---|---|
| 1. | Defendants maintain a website at www.driveknight.com. On Defendant's website is a listing for "Positions," which includes the position of "owner Operator." The "Owner Operator" button on Defendant's website includes the information attached hereto as Exhibit "A" and incorporated herein by reference, which I printed from Defendant's website on May 14, 2014. Among other things, the "Owner Operators" on Defendant's website are described as "Dry Van OTR." (Decl. of James M. Trush, ¶ 2) | Relevance: Irrelevant to the valuation of damages in this case for removal purposes. See F.R.E. 402.<br><br>Lacks personal knowledge: Declarant indicates that he has no understanding of the website. See F.R.E. 602.<br><br>Hearsay. Declarant purports to use the website for the truth of the matter. See F.R.E. 801, 802.<br><br>Foundation: Conclusion not supported by the cited evidence: Mr. Trush has misunderstood the website insofar as he confuses "Dry Van OTR" as the same term as "Owner Operator." Knight uses Dry Van OTR drivers to transport goods. Most of the Dry Van OTR drivers are employees of Knight, while others have contracted with Knight as owner-operator independent contractors. See Supplemental Declaration of Kevin Quast ("Supp. Quast |

| Fact No. | Fact | Objection |
|---|---|---|
| | | Decl.") ¶ 3. The website does not contradict this basic information. See F.R.E. 901. |
| 2. | "In another class action that Defendants have been litigating for approximately 8 years in state court and in which Defendants are currently seeking court approval of a settlement, Defendants have argued 'that drivers only spend approximately 10% to 15% of their time driving within California and California law should not apply to their working time spent outside of California, thereby substantially reducing potential damages" and stating 'Although approximately 20 of these drivers are hourly drivers whose routes are driven entirely within California, the remaining 300 ... are over-the-road ("OTR") drivers who spend approximately 3 days per month (on average) driving routes in California with their remaining days driving among other western states' (Trush Decl., Exh B, Notice of Motion and Memorandum of Points and Authorities in Support of the Motion for Preliminary Approval of Class Action Settlement in the *Carson* case is attached hereto as Exhibit "B" and is incorporated herein by reference. (Decl. of James M. Trush, ¶ 3)." (Mtn. Remand 10:9-24.) | Relevance: Evidence of a state court settlement is irrelevant to the valuation of damages alleged in a Plaintiffs' complaint for removal purposes in this case. Moreover, even if a class settlement were relevant, the *Carson* class settlement concerns a class of Knight's employee-drivers and *not* its independent contractor drivers. See Declaration of Richard H. Rahm ("Rahm Decl.") ¶¶ 7-8; F.R.E. 402.<br><br>Lacks personal knowledge: Declarant has no personal knowledge of the matter of which he purports to testify. See F.R.E. 602.<br><br>Hearsay. Declarant purports to use the *Carson* settlement documents for the truth of the matters stated in the document. Specifically, Plaintiffs seek to use statements by *Carson* class counsel about what Knight's counsel said. See F.R.E. 801, 802.<br><br>Foundation: Conclusion not supported by the cited evidence: *Carson* class counsel is explaining in his motion for preliminary approval the many reasons he |

| Fact No. | Fact | Objection |
|---|---|---|
| | | believes that the *Carson* class settlement, which concerns a class of Knight employee-drivers and not independent contractors, is fair. The argument concerning the amount of time outside of California was never made in court and the court never ruled on the argument. *See* Rahm Decl. ¶¶ 7-8; F.R.E. 901. |
| 3. | "According to the Settlement Agreement between plaintiffs and Knight Transportation, Inc., in *Carson, et al. v. Knight Transportation, Inc.*, Tulare County Superior Court, Case Numbers 09-234186 & 251121 ("*Carson* Action"), the plaintiffs and Knight Transportation have been litigating those cases for over 8 years. Presently, plaintiffs and Knight Transportation are seeking court approval from the Tulare County Superior Court for a class action settlement in the *Carson* case." (Decl. of James M. Trush, ¶ 3) | Relevance: Evidence of a state court settlement is irrelevant to the valuation of damages alleged in a Plaintiffs' complaint for removal purposes in this case. Moreover, even if a class settlement were relevant, the *Carson* class settlement concerns a class of Knight's employee-drivers and *not* its independent contractor drivers. *See* Rahm Decl. ¶¶ 7-8; F.R.E. 402.<br><br>Foundation: Lacks foundation insofar as Plaintiffs are attempting to use the document as if it pertained to independent contractors and not Knight's employee-drivers. *See* F.R.E. 901.<br><br>Lacks personal knowledge. *See* F.R.E. 602.<br><br>Hearsay. Plaintiffs quote from the document for the truth of the matters stated therein. *See* F.R.E. 801, 802. |

DEFS' OBJ TO PLTFS' EVID ISO MOT TO REMAND — 3. — Case No. 5:14-cv-00771-JGB-JC

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

| Fact No. | Fact | Objection |
|---|---|---|
| 4. | "In the *Carson v. Knight Transportation* case, which has been litigated in Tulare County Superior Court for over eight years and in which the parties are currently seeking court approval of a settlement, Knight has contended that the OTR drivers 'only spend approximately 10% to 15% of their driving time within California and California law should not apply to their working time spent outside of California, thereby substantially reducing potential damages.'" (Mtn. Remand 10:25-11:7.) | <u>Relevance</u>: Evidence of a state court settlement is irrelevant to the valuation of damages alleged in a Plaintiffs' complaint for removal purposes in this case. Moreover, even if a class settlement were relevant, the *Carson* class settlement concerns a class of Knight's employee-drivers and *not* its independent contractor drivers. *See* Rahm Decl. ¶¶ 7-8; F.R.E. 402.<br><br><u>Lacks personal knowledge</u>: Declarant has no personal knowledge of the matter of which he purports to testify. *See* F.R.E. 602.<br><br><u>Hearsay</u>. Declarant purports to use the *Carson* settlement documents for the truth of the matters stated in the document. Specifically, Plaintiffs seek to use statements by *Carson* class counsel about what Knight's counsel said. *See* F.R.E. 801, 802.<br><br><u>Foundation</u>: Conclusion not supported by the cited evidence: *Carson* class counsel is explaining in the document the many reasons he believes that the *Carson* class settlement, which concerns a class of Knight employee-drivers and not independent contractors, is fair. The argument was never made in court and the court never ruled on the argument. *See* Rahm |

DEFS' OBJ TO PLTFS' EVID ISO MOT TO REMAND 4. Case No. 5:14-cv-00771-JGB-JC

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

| Fact No. | Fact | Objection |
|---|---|---|
| | | Decl. ¶¶ 7-8; F.R.E. 901. |
| 5. | In support of the request for court approval of a class action settlement in the *Carson* case, the Declaration of Craig Ackermann was filed in the *Carson* case. That declaration is attached hereto as Exhibit "C" and is incorporated herein by reference. (Decl. of James M. Trush, p. 2, ¶ 4) | <u>Relevance</u>: Evidence of a state court settlement is irrelevant to the valuation of damages alleged in a Plaintiffs' complaint for removal purposes in this case. Moreover, even if a class settlement were relevant, the *Carson* class settlement concerns a class of Knight's employee-drivers and *not* its independent contractor drivers. *See* Rahm Decl. ¶¶ 7-8; F.R.E. 402.<br><br><u>Lacks personal knowledge</u>: Declarant has no personal knowledge of the matter of which he purports to testify. *See* F.R.E. 602.<br><br><u>Hearsay</u>. Declarant purports to use the *Carson* settlement documents for the truth of the matters stated in the document. Specifically, Plaintiffs seek to use statements by *Carson* class counsel about what Knight's counsel said. *See* F.R.E. 801, 802.<br><br><u>Foundation</u>: Conclusion not supported by the cited evidence: *Carson* class counsel is explaining in the document the many reasons he believes that the *Carson* class settlement, which concerns a class of Knight employee-drivers and not independent |

DEFS' OBJ TO PLTFS' EVID ISO MOT TO REMAND    5.    Case No. 5:14-cv-00771-JGB-JC

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

| Fact No. | Fact | Objection |
|---|---|---|
|  |  | contractors, is fair. The argument was never made in court and the court never ruled on the argument. *See* Rahm Decl. ¶¶ 7-8; F.R.E. 901. |

Dated: June 2, 2014

/s
RICHARD H. RAHM
JAMES E. HART
THOMAS J. WHITESIDE
CARLY NESE
LITTLER MENDELSON, P.C.

Attorneys for Defendants
KNIGHT TRANSPORTATION, INC.
AND KNIGHT TRUCK AND
TRAILER SALES, LLC

Firmwide:127267709.1 058898.1023

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' OBJ TO PLTFS' EVID ISO MOT TO REMAND   6.   Case No. 5:14-cv-00771-JGB-JC