1   RICHARD H. RAHM, Bar No. 130728
     rrahm@littler.com
2   LITTLER MENDELSON, P.C.
     650 California Street, 20th Floor
3   San Francisco, CA  94108.2693
     T: 415.433.1940 / F: 415.399.8490
4
     JAMES E. HART, Bar No. 194168
5   jhart@littler.com
     THOMAS J. WHITESIDE, Bar No. 259505
6   twhiteside@littler.com
     LITTLER MENDELSON, P.C.
7   2050 Main Street, Suite 900
     Irvine, CA  92614
8   T: 949.705.3000 / F: 949.724.1201

9   CARLY NESE, Bar No. 265342
     cnese@littler.com
10  LITTLER MENDELSON, P.C.
     2049 Century Park East, 5th Floor
11  Los Angeles, CA  90067.3107
     T: 310.553.0308 / F: 310.553.5583
12
     Attorneys for Defendants
13  KNIGHT TRANSPORTATION, INC. and
     KNIGHT TRUCK AND TRAILER SALES, LLC
14

15               UNITED STATES DISTRICT COURT

16             CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 17  PATRICK LACROSS, ROBERT<br>18  LIRA and MATTHEW LOFTON, on<br>behalf of themselves and all other<br>19  similarly situated, | Case No.  5:14-cv-00771-JGB-JC<br><br>**KNIGHT'S RESPONSE TO<br>PLAINTIFFS' EVIDENTIARY<br>OBJECTIONS TO NOTICE OF<br>REMOVAL** |
| 20            Plaintiffs, | Date:  July 14, 2014<br>Time:  9:00 a.m. |
| 21  v. | Courtroom: 1<br>Judge: Hon. Jesus G. Bernal |
| 22  KNIGHT TRANSPORTATION, INC.,<br>23  an Arizona Corporation; KNIGHT<br>TRUCK and TRAILER SALES, LLC,<br>24  an Arizona Limited Liability Company;<br>and DOES 1 through 100, inclusive, | |
| 25 | |
| 26            Defendants. | |

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' RESP TO PLTF'S
EVIDENTIARY OBJECTIONS

Case No. 5:14-cv-00771-JGB-JC

Defendants Knight Transportation, Inc. and Knight Truck and Trailer Sales, LLC (collectively "Knight") hereby submit the following Responses to Plaintiffs' Objections to Evidence in Support of Their Motion to Remand to State Court.  For the reasons stated herein, the Court should overrule Plaintiffs' objections on their merits.

| Evidence | Plaintiffs' Objection | Knight's Response |
|---|---|---|
| 1. Insofar as Plaintiff's have alleged that they are representative of a class of California-based independent contractors who worked for Knight Transportation for the last 4 years, Defendants made the following calculations: (Notice of Removal ¶ 21, p. 8, lines 13-16) | Irrelevant.  F.R.E. 401 and 402;  Lack of Personal Knowledge (speculation, lack of foundation)    F.R.E. 602;  Improper Lay Opinion – F.R.E. 701. | • The quoted statement is from a part of the Notice relevant to the issue of establishing the CAFA $5 million amount in controversy requirement.  In this respect, the quoted statement is simply providing the assumptions Knight made in making its calculations, *i.e.*, it is not an evidentiary statement itself.  Rather, because Plaintiffs allege that they "are adequate representatives of the Classes herein" who seek to have themselves appointed "representatives of all others similarly situated," Knight relied on these allegations in making its calculations.    Complaint ¶ 47; Prayer ¶ a.<br><br>• Knight may document the amount in controversy by setting forth facts in a declaration. *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 399-400 (9th Cir. 2010). The testimony itself need not be admissible at trial, as long as the facts in the affidavit are of a type that would be admissible as evidence for summary judgment. *See Hughes v. United States*, 953 F. 2d 531, 543 (9th Cir. 1992). |

.ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

| Evidence | Plaintiffs' Objection | Knight's Response |
|---|---|---|
| 2. Based on Defendant's estimate, there are 557 class members (Notice of Removal ¶ 21, p. 8, line 18) | Irrelevant. F.R.E. 401 and 402; Lack of Personal Knowledge (speculation, lack of foundation) F.R.E. 602; Improper Lay Opinion – F.R.E. 701. | • Knight estimated the average number of independent contractors it had contractor agreements with for each month of each year of the class period. This is relevant to the issue of establishing the CAFA $5 million amount in controversy requirement.<br><br>• Knight may document the amount in controversy by setting forth facts in a declaration. *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 399-400 (9th Cir. 2010). The testimony itself need not be admissible at trial, as long as the facts in the affidavit are of a type that would be admissible as evidence for summary judgment. *See Hughes v. United States*, 953 F. 2d 531, 543 (9th Cir. 1992).<br><br>• Courts routinely credit evidence like the Declaration of Kevin Quast as satisfying the amount in controversy requirement. *See Giannini v. Northwest Mut. Life Ins. Co.*, 2012 U.S. Dist. LEXIS 60143, *7 fn. 2 (N.D. Cal. Apr. 30, 2012) (denying motion to remand and finding that defendant's declarations stating number of putative class members based on a review of business records was "summary-judgment-type evidence"); *see also Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515, *6 fn. 5 (E.D. Cal. May 1, 2007) (declaration of defendant's Manager of Employee Relations, |

LITTLER MENDELSON, P.C.<br>650 California Street<br>20th Floor<br>San Francisco, CA<br>94108 2693<br>415 433 1940

| Evidence | Plaintiffs' Objection | Knight's Response |
|---|---|---|
| | | based on review of human resources data from the putative class period, established $5 million in controversy); *see also Jasso v. Money Mart Exp., Inc.*, 2012 U.S. Dist. LEXIS 27215, *11 (N.D. Cal. Mar. 1, 2012) (overruling best evidence rule objection to declaration summarizing business records). |
| 3. Insofar as Plaintiffs are alleged to be representative of a class of California-based contractors who worked for Knight Transportation over the last 4 years, Defendants made the following calculations (Notice of Removal ¶ 22, p. 8, lines 23-26) | Irrelevant. F.R.E. 401 and 402; Lack of Personal Knowledge (speculation, lack of foundation) F.R.E. 602; Improper Lay Opinion – F.R.E. 701. | • The quoted statement is from a part of the Notice relevant to the issue of establishing the CAFA $5 million amount in controversy requirement. In this respect, the quoted statement is simply providing the assumptions Knight made in making its calculations, *i.e.*, it is not an evidentiary statement itself. Rather, because Plaintiffs allege that they "are adequate representatives of the Classes herein" who seek to have themselves appointed "representatives of all others similarly situated," Knight relied on these allegations in making its calculations. Complaint ¶ 47; Prayer ¶ a.<br><br>• Knight may document the amount in controversy by setting forth facts in a declaration. *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 399-400 (9th Cir. 2010). The testimony itself need not be admissible at trial, as long as the facts in the affidavit are of a type that would be admissible as evidence for summary judgment. *See Hughes v. United States*, 953 F. 2d 531, 543 (9th Cir. 1992). |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' RESP TO PLTF'S
EVIDENTIARY OBJECTIONS

3.

Case No. 5:14-cv-00771-JGB-JC

| Evidence | Plaintiffs' Objection | Knight's Response |
|---|---|---|
| | | • Courts routinely credit evidence like the Declaration of Kevin Quast as satisfying the amount in controversy requirement. *Giannini v. Northwest Mut. Life Ins. Co.*, 2012 U.S. Dist. LEXIS 60143, *7 fn. 2 (N.D. Cal. Apr. 30, 2012) (denying motion to remand and finding that defendant's declarations stating number of putative class members based on a review of business records was "summary-judgment-type evidence"); *see also Muniz v. Pilot Travel Centers LLC,* 2007 U.S. Dist. LEXIS 31515, *6 fn. 5 (E.D. Cal. May 1, 2007) (declaration of defendant's Manager of Employee Relations, based on review of human resources data from the putative class period, established $5 million in controversy); *see also Jasso v. Money Mart Exp., Inc.*, 2012 U.S. Dist. LEXIS 27215, *11 (N.D. Cal. Mar. 1, 2012) (overruling best evidence rule objection to declaration summarizing business records). <br><br> • Plaintiffs' admission that "the claims of Plaintiffs are typical of the claims of all members of the classes mentioned herein" can be offered against them as a statement of an opposing party. Plaintiffs' Complaint, ¶ 46, p. 9, lines 17-18; *see* F.R.E. 801(d)(2). <br><br> • This method of estimating damages is proper for purposes of removal. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' RESP TO PLTF'S
EVIDENTIARY OBJECTIONS          4.          Case No. 5:14-cv-00771-JGB-JC

| Evidence | Plaintiffs' Objection | Knight's Response |
|---|---|---|
| | | 2002) ("In measuring the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" (internal citation omitted)); *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."). |
| 4. 557 class members (Notice of Removal ¶ 22, p. 8, line 27) | Irrelevant. F.R.E. 401 and 402; Lack of Personal Knowledge (speculation, lack of foundation) F.R.E. 602; Improper Lay Opinion – F.R.E. 701. | • Knight estimated the average number of independent contractors it had contractor agreements with for each month of each year of the class period. This is relevant to the issue of establishing the CAFA $5 million amount in controversy requirement.<br><br>• Knight may document the amount in controversy by setting forth facts in a declaration. *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 399-400 (9th Cir. 2010). The testimony itself need not be admissible at trial, as long as the facts in the affidavit are of a type that would be admissible as evidence for summary judgment. *See Hughes v. United States*, 953 F. 2d 531, 543 (9th Cir. 1992).<br><br>• Courts routinely credit evidence like the Declaration of Kevin Quast as satisfying the amount in controversy requirement. *Giannini v. Northwest Mut. Life Ins. Co.*, 2012 U.S. Dist. LEXIS |

DEFS' RESP TO PLTF'S
EVIDENTIARY OBJECTIONS

5.

Case No. 5:14-cv-00771-JGB-JC

| Evidence | Plaintiffs' Objection | Knight's Response |
|---|---|---|
| | | 60143, *7 fn. 2 (N.D. Cal. Apr. 30, 2012) (denying motion to remand and finding that defendant's declarations stating number of putative class members based on a review of business records was "summary-judgment-type evidence"); *see also Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515, *6 fn. 5 (E.D. Cal. May 1, 2007) (declaration of defendant's Manager of Employee Relations, based on review of human resources data from the putative class period, established $5 million in controversy); *see also Jasso v. Money Mart Exp., Inc.*, 2012 U.S. Dist. LEXIS 27215, *11 (N.D. Cal. Mar. 1, 2012) (overruling best evidence rule objection to declaration summarizing business records). |
| 5. Based on my knowledge of the trucking industry as COO of Knight Sales, and those who compete with Knight sales, I would estimate the contractor-drivers who purchased and/or leased their equipment through companies other than Knight Sales did so on terms that are approximately the same as Knight Sales' terms (Declaration of | Improper expert opinion – Lacks qualifications and reliability – F.R.E. 702; Improper basis for expert opinion – F.R.E. 703; Inadmissible Hearsay – F.R.E. 802; Lack of Personal Knowledge – F.R.E. 602. | • As a preliminary matter, the Declaration of Kevin Quast provides the requisite basis for his statements. Mr. Quast likewise confirmed – under penalty of perjury – that he has personal knowledge of the facts set forth in his declaration. Quast Decl. ¶ 1.<br><br>• Knight may document the amount in controversy by setting forth facts in a declaration. *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 399-400 (9th Cir. 2010). The testimony itself need not be admissible at trial, as long as the facts in the affidavit are of a type that would be admissible as evidence for summary judgment. *See Hughes v. United States*, 953 |

JITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' RESP TO PLTF'S
EVIDENTIARY OBJECTIONS

6.

Case No. 5:14-cv-00771-JGB-JC

| Evidence | Plaintiffs' Objection | Knight's Response |
|---|---|---|
| Kevin Quast in Support of Defendant's Notice of Removal ¶ 4) | | F. 2d 531, 543 (9th Cir. 1992).<br><br>• Courts routinely credit evidence like the Declaration of Kevin Quast as satisfying the amount in controversy requirement. *Giannini v. Northwest Mut. Life Ins. Co.,* 2012 U.S. Dist. LEXIS 60143, *7 fn. 2 (N.D. Cal. Apr. 30, 2012) (denying motion to remand and finding that defendant's declarations stating number of putative class members based on a review of business records was "summary-judgment-type evidence"); *see also Muniz v. Pilot Travel Centers LLC,* 2007 U.S. Dist. LEXIS 31515, *6 fn. 5 (E.D. Cal. May 1, 2007) (declaration of defendant's Manager of Employee Relations, based on review of human resources data from the putative class period, established $5 million in controversy); *see also Jasso v. Money Mart Exp., Inc.,* 2012 U.S. Dist. LEXIS 27215, *11 (N.D. Cal. Mar. 1, 2012) (overruling best evidence rule objection to declaration summarizing business records).<br><br>• This method of estimating damages is proper for purposes of removal. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ("In measuring the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" (internal citation omitted)); *Lewis* |

LITTLER MENDELSON, P.C.<br>650 California Street<br>20th Floor<br>San Francisco, CA<br>94108.2693<br>415.433.1940

| Evidence | Plaintiffs' Objection | Knight's Response |
|---|---|---|
| | | *v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."). |
| 6. Based on my review of records that have been maintained in the ordinary course of business, Knight Transportation had Independent Contractor Operating Agreements with 116 California-based contractor drivers in 2010, 135 California-based contractor drivers in 2011, 118 California-based contractor drivers in 2012, and 188 California-based contractor drivers in 2013, which amounts to 557 California-based contractor drivers over the last four years (Declaration of Kevin Quast in Support of Defendants' Notice of Removal ¶ 4) | Irrelevant. F.R.E. 401 and 402; Lack of Personal Knowledge (speculation, lack of foundation) F.R.E. 602; Improper Lay Opinion – F.R.E. 701. | • The Declaration of Kevin Quast provides the requisite foundation for his statements. Mr. Quast likewise confirmed – under penalty of perjury – that he has personal knowledge of the facts set forth in his declaration. Quast Decl. ¶ 1. <br><br> • The quoted statement is from a part of the Notice relevant to the issue of establishing the CAFA $5 million amount in controversy requirement. In this respect, the quoted statement is simply providing the assumptions Knight made in making its calculations, *i.e.*, it is not an evidentiary statement itself. Rather, because Plaintiffs allege that they "are adequate representatives of the Classes herein" who seek to have themselves appointed "representatives of all others similarly situated," Knight relied on these allegations in making its calculations. Complaint ¶ 47; Prayer ¶ a. <br><br> • Knight may document the amount in controversy by setting forth facts in an affidavit or declaration. *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 399-400 (9th Cir. 2010). The testimony itself need not be |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108 2693
415.433.1940

DEFS' RESP TO PLTF'S EVIDENTIARY OBJECTIONS

8.

Case No. 5:14-cv-00771-JGB-JC

| Evidence | Plaintiffs' Objection | Knight's Response |
|---|---|---|
| | | admissible at trial, as long as the facts in the affidavit are of a type that would be admissible as evidence for summary judgment. *See Hughes v. United States*, 953 F. 2d 531, 543 (9th Cir. 1992). |
| | | • Courts routinely credit evidence like the Declaration of Kevin Quast as satisfying the amount in controversy requirement. *Giannini v. Northwest Mut. Life Ins. Co.*, 2012 U.S. Dist. LEXIS 60143, *7 fn. 2 (N.D. Cal. Apr. 30, 2012) (denying motion to remand and finding that defendant's declarations stating number of putative class members based on a review of business records was "summary-judgment-type evidence"); *see also Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515, *6 fn. 5 (E.D. Cal. May 1, 2007) (declaration of defendant's Manager of Employee Relations, based on review of human resources data from the putative class period, established $5 million in controversy); *see also Jasso v. Money Mart Exp., Inc.*, 2012 U.S. Dist. LEXIS 27215, *11 (N.D. Cal. Mar. 1, 2012) (overruling best evidence rule objection to declaration summarizing business records). |
| | | • Plaintiffs' admission that "the claims of Plaintiffs are typical of the claims of all members of the classes mentioned herein" can be offered against them as a statement of an opposing party. Plaintiffs' Complaint, ¶ 46, p. 9, |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' RESP TO PLTF'S
EVIDENTIARY OBJECTIONS

9.

Case No. 5:14-cv-00771-JGB-JC

| Evidence | Plaintiffs' Objection | Knight's Response |
|---|---|---|
| | | lines 17-18; *see* F.R.E. 801(d)(2). |
| | | • This method of estimating damages is proper for purposes of removal. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ("In measuring the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" (internal citation omitted)); *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."). |
| 7. Approximately 80% of these independent contractors purchased and/or leased their tractors through Knight Sales, with the other 20% purchasing and/or leasing their tractors from companies that are not affiliated with either Knight Sales or Knight Transportation (Declaration of Kevin Quast in Support of Defendants' Notice | Irrelevant. F.R.E. 401 and 402; Lack of Personal Knowledge (speculation, lack of foundation) F.R.E. 602; Improper Lay Opinion – F.R.E. 701. | • As a preliminary matter, the Declaration of Kevin Quast provides the requisite foundation for his statements. Mr. Quast likewise confirmed – under penalty of perjury – that he has personal knowledge of the facts set forth in his declaration. Quast Decl. ¶ 1.<br>• The quoted statement is from a part of the Notice relevant to the issue of establishing the CAFA $5 million amount in controversy requirement. In this respect, the quoted statement is simply providing the assumptions Knight made in making its calculations, *i.e.*, it is not an evidentiary statement itself. Rather, because Plaintiffs allege that they "are |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' RESP TO PLTF'S
EVIDENTIARY OBJECTIONS

10.

Case No. 5:14-cv-00771-JGB-JC

| Evidence | Plaintiffs' Objection | Knight's Response |
|---|---|---|
| of Removal ¶ 4) | | adequate representatives of the Classes herein" who seek to have themselves appointed "representatives of all others similarly situated," Knight relied on these allegations in making its calculations. Complaint ¶ 47; Prayer ¶ a. |
| | | • Knight may document the amount in controversy by setting forth facts in a declaration. *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 399-400 (9th Cir. 2010). The testimony itself need not be admissible at trial, as long as the facts in the affidavit are of a type that would be admissible as evidence for summary judgment. *See Hughes v. United States*, 953 F. 2d 531, 543 (9th Cir. 1992). |
| | | • Courts routinely credit evidence like the Declaration of Kevin Quast as satisfying the amount in controversy requirement. *Giannini v. Northwest Mut. Life Ins. Co.*, 2012 U.S. Dist. LEXIS 60143, *7 fn. 2 (N.D. Cal. Apr. 30, 2012) (denying motion to remand and finding that defendant's declarations stating number of putative class members based on a review of business records was "summary-judgment-type evidence"); *see also Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515, *6 fn. 5 (E.D. Cal. May 1, 2007) (declaration of defendant's Manager of Employee Relations, based on review of human resources data from the putative class period, established $5 million in controversy); *see also* |

| Evidence | Plaintiffs' Objection | Knight's Response |
|---|---|---|
| | | *Jasso v. Money Mart Exp., Inc.*, 2012 U.S. Dist. LEXIS 27215, *11 (N.D. Cal. Mar. 1, 2012) (overruling best evidence rule objection to declaration summarizing business records). |
| | | • Plaintiffs' admission that "the claims of Plaintiffs are typical of the claims of all members of the classes mentioned herein" can be offered against them as a statement of an opposing party. Plaintiffs' Complaint, ¶ 46, p. 9, lines 17-18; *see* F.R.E. 801(d)(2). |
| | | • This method of estimating damages is proper for purposes of removal. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ("In measuring the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" (internal citation omitted)); *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."). |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' RESP TO PLTF'S
EVIDENTIARY OBJECTIONS

12.

Case No. 5:14-cv-00771-JGB-JC

1  Dated:   June 2, 2014

2

3                                              /s_____
4                                              RICHARD H. RAHM
                                               JAMES E. HART
5                                              THOMAS J. WHITESIDE
                                               CARLY NESE
6                                              LITTLER MENDELSON, P.C.

7                                              Attorneys for Defendants
                                               KNIGHT TRANSPORTATION, INC.
8                                              AND KNIGHT TRUCK AND
                                               TRAILER SALES, LLC
9

10  Firmwide:127164038.3 058898.1023

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' RESP TO PLTF'S
EVIDENTIARY OBJECTIONS            13.            Case No. 5:14-cv-00771-JGB-JC